# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellant-Cross-Appellee,<br><br>v.<br><br>DEVONTE DEVON JACKSON,<br><br>GIANN ICOB SALAZAR DEL REAL,<br><br>JORGE ENRIQUEZ, JR.,<br><br>SHAMAR TYRELL GARCIA,<br><br>  Defendant-Appellees-Cross-Appellants. | C.A. Nos. 25-6214 & 25-6470,<br>25-6223 & 25-6475,<br>25-6224 & 25-6465,<br>25-6229 & 25-6468<br><br>D.C. Nos. 2:25-cr-240, 2:25-cr-227,<br>3:25-cr-26, 2:25-cr-230<br>(D. Nev.)<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO EXPEDITE APPEAL** |

The United States of America, by and through its counsel of record, hereby files its response to Defendant-Appellees-Cross-Appellants' motion to expedite the briefing schedule in these four consolidated appeals and four cross-appeals. The parties agree that expediting the government's consolidated appeals of the district court's disqualification order would be appropriate, but the government objects to defendants' request to expedite their cross-appeals on the ground that this Court lacks jurisdiction over the cross-appeals.

I.  **Background**

The four defendants in these cases are charged with felony offenses in the District of Nevada. Defendants moved to dismiss the indictments, or alternatively, to disqualify Sigal Chattah—the Acting U.S. Attorney for the District of Nevada—and any attorneys under her supervision from their cases, on the ground that Ms. Chattah lacked authority to prosecute them.

The district court granted defendants' requests to disqualify Ms. Chattah from participating in their prosecutions and from supervising any Assistant U.S. Attorney prosecuting them. Dkt. 42 at 31-32, No. 2:25-cr-240. The court determined that Ms. Chattah is ineligible to serve as Acting U.S. Attorney under the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.* The court also rejected the government's alternative argument that even if Ms. Chattah is not validly serving as Acting U.S. Attorney, she can still conduct and supervise defendants' prosecutions in her capacity as Special Attorney and First Assistant U.S. Attorney pursuant to the Attorney General's delegation of authority to her. *Id.* at 20-26.

However, the district court denied defendants' motions to dismiss the indictments. Dkt. 42 at 26-30, 32, No. 2:25-cr-240. The court found that defendants had not shown that Ms. Chattah's lack of authority to serve as Acting U.S. Attorney warranted dismissal, reasoning that the indictments were valid

2

and that Assistant U.S. Attorneys could continue to prosecute defendants' cases. *Id.* at 27-29. The court rejected defendants' claim that the indictments violated due process, and determined that dismissal was not warranted under the court's supervisory authority. *Id.* at 29-30.

## II. The government agrees that its appeals should be expedited.

The government respectfully joins defendants' request to expedite the government's consolidated appeals of the district court's disqualification order (Nos. 25-6214, 25-6223, 25-6224, 25-6229).[1]

The government's appeals raise common issues regarding whether Ms. Chattah can serve as the Acting U.S. Attorney for the District of Nevada under the Federal Vacancies Reform Act and, if she cannot, whether she can supervise and conduct the criminal proceedings in these cases pursuant to a delegation of authority from the Attorney General. The parties agree that these issues are ones of "exceptional public interest that should be resolved as quickly as possible." Mot. 4. As defendants note, the government is appealing a similar disqualification order in *United States v. Giraud*, 3d Cir. No. 25-2635, and the

---

[1] An order disqualifying a U.S. Attorney from participating in a prosecution is an immediately appealable collateral order. *See United States v. Williams*, 68 F.4th 564, 570-71 (9th Cir. 2023) (holding that order disqualifying U.S. Attorney's Office satisfies requirements of collateral order doctrine); *accord United States v. Whittaker*, 268 F.3d 185, 191-93 (3d Cir. 2001) (citing cases).

Third Circuit in that case granted the parties' joint request to expedite the government's interlocutory appeal.

The government accordingly would agree to the following expedited briefing schedule for the government's consolidated appeals:

    a. The government's opening brief shall be due October 31, 2025.

    b. The defense's answering brief shall be due November 21, 2025.

    c. The government's reply brief shall be due December 5, 2025.

This briefing schedule would complete merits briefing in time for a merits panel, if available, to hear any oral argument in the appeals as soon as mid-December. This Court currently has sittings scheduled for December 8-12, 2025, and January 5-9, 2026. The government is mindful of the burden that granting this request would impose upon this Court and whichever panel is assigned these appeals, and the government greatly appreciates this Court's consideration.

### III. The government objects to the motion to expedite defendants' interlocutory cross-appeals.

Defendants separately propose (Mot. 4) an expedited briefing schedule governing the consolidated appeals and defendants' four cross-appeals. The government objects to that request and to any briefing schedule incorporating defendants' cross-appeals (Nos. 25-6465, 25-6468, 25-6470, 25-6475) on the ground that this Court lacks jurisdiction over those interlocutory cross-appeals.

4

Defendants indicate that they will be "pursuing a cross-appeal of the denial of dismissal." Mot. 3. But there is no jurisdictional basis for a cross-appeal of the district court's denial of defendants' motions to dismiss the indictments.

This Court's appellate jurisdiction is normally limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. In criminal cases, this "final judgment rule" "prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984). The collateral order doctrine is a "narrow exception" to that rule that permits appeal of a small class of interlocutory orders under § 1291 before a final judgment on the merits. *United States v. Bird*, 359 F.3d 1185, 1188 (9th Cir. 2004).

The portion of the district court's order denying defendants' motions to dismiss the indictments is not appealable under the collateral order doctrine. Each defendant can appeal the denial of his motion to dismiss the indictment on appeal from any final judgment of conviction. Courts have frequently held that interlocutory orders denying motions to dismiss indictments are not immediately appealable as collateral orders. *See United States v. MacDonald*, 435 U.S. 850, 857, 863 (1978) (court of appeals had no appellate jurisdiction over appeal from order denying motion to dismiss indictment on speedy trial

5

grounds); *Abney v. United States*, 431 U.S. 651, 662-63 (1977) ("[Jurisdiction] do[es] not extend beyond the claim of former jeopardy and encompass other claims presented to … the district court in passing on the accused's motion to dismiss."); *United States v. Moreno-Green*, 881 F.2d 680, 684 (9th Cir. 1989) (order denying motion to dismiss indictment based on alleged prosecutorial misconduct before grand jury was not appealable before trial); *Bird*, 359 F.3d at 1187 (court lacked jurisdiction over interlocutory appeal of order denying motion to dismiss indictment based on alleged failure to state an offense). The rare exceptions do not apply here.[2] *See, e.g.*, *Abney*, 431 U.S. at 659-60 (Double Jeopardy); *Helstoski v. Meanor*, 442 U.S. 500, 507-08 (1979) (Speech and Debate Clause); *Trump v. United States*, 603 U.S. 593 (2024) (Presidential immunity).

Indeed, in *Giraud*, where the government is appealing a similar disqualification order, the Third Circuit determined, after ordering briefing concerning appellate jurisdiction, that "[t]he District Court's decision not to dismiss the indictments is not appealable at this stage of the proceedings and any arguments pertaining to that decision therefore will not be considered." Order, *United States v. Giraud*, 3d Cir. No. 25-2635 (Sept. 9, 2025). That conclusion is correct and applies equally here.

---

[2] Nor does the government's appeal trigger pendent appellate jurisdiction over defendants' cross-appeals. *See Abney*, 431 U.S. at 663; *MacDonald*, 435 U.S. at 857 n.6.

Because this Court lacks appellate jurisdiction over defendants' cross-appeals, the government objects to any expedited briefing schedule incorporating those cross-appeals. The government intends to move to dismiss defendants' cross-appeals on jurisdictional grounds.

## IV. Conclusion.

This Court should grant the motion to expedite with respect to the government's interlocutory appeals, and deny the motion with respect to the defendants' cross-appeals.

DATED: October 17, 2025

Respectfully submitted,

PAMELA J. BONDI
Attorney General

TODD BLANCHE
Deputy Attorney General

STANLEY WOODWARD
Associate Attorney General

HENRY C. WHITAKER
Counselor to the Attorney General

MATTHEW R. GALEOTTI
Acting Assistant Attorney General

ADAM FLAKE
Assistant U.S. Attorney
Chief, Appellate Division
District of Nevada

/s/ *Tyler Anne Lee*
TYLER ANNE LEE
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-5593
tyler.lee@usdoj.gov

7

## CERTIFICATE OF COMPLIANCE

1. This motion response complies with 9th Cir. Rule 27-1(1)(d) because it does not exceed 20 pages.

2. This motion response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

/s/ *Tyler Anne Lee*
TYLER ANNE LEE