Case Nos. 25-6214 & 25-6470; 25-6223 & 25-6475; 25-6224 & 25-6465; 25-6229 & 25-6468

United States Court of Appeals
for the Ninth Circuit

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff/Appellant/Cross-Appellee,<br><br>v.<br><br>Devonte Devon Jackson,<br><br>　　Defendant/Appellee/Cross-Appellant. | D.C. No. 2:25-cr-240-GMN<br>District of Nevada<br><br>**Reply in Support of Motion to Expedite** |
| United States of America,<br><br>　　Plaintiff/Appellant/Cross-Appellee,<br><br>v.<br><br>Giann Icob Salazar Del Real,<br><br>　　Defendant/Appellee/Cross-Appellant. | D.C. No. 2:25-cr-227-JAD<br>District of Nevada<br><br>**Reply in Support of Motion to Expedite** |

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Appellant/Cross-Appellee,<br><br>v.<br><br>Jorge Enriquez, Jr.,<br><br>    Defendant/Appellee/Cross-Appellant. | D.C. No. 2:25-cr-26-MMD<br>District of Nevada<br><br>**Reply in Support of Motion to Expedite** |
| United States of America,<br><br>    Plaintiff/Appellant/Cross-Appellee,<br><br>v.<br><br>Shamar Tyrell Garcia,<br><br>    Defendant/Appellee/Cross-Appellant. | D.C. No. 2:25-cr-230-RFB<br>District of Nevada<br><br>**Reply in Support of Motion to Expedite** |

Rene L. Valladares
Federal Public Defender
Jeremy C. Baron
Sean A. McClelland
Assistant Federal Public Defenders
411 E. Bonneville Ave. Suite 250
Las Vegas, NV 89101
(702) 388-6577
jeremy_baron@fd.org
sean_mcclelland@fd.org

Counsel for Defendants/Appellees/Cross-Appellants

2

## Argument

The parties agree the Court should expedite this appeal, and the parties agree on the general timeframes that should apply to an expedited appeal. Nevertheless, the government's response (Dkt. No. 8.1) attempts to shoehorn a jurisdictional question into what ought to be a straightforward procedural motion to expedite. The Court should reject this attempt and adopt the defense's proposed schedule, not the government's.

This consolidated set of appeals involves the government's interlocutory appeal from the district court's order disqualifying Sigal Chattah from supervising the four relevant prosecutions, and the defense's cross-appeal from the district court's simultaneous decision not to dismiss the indictments. The defense's motion proposes an expedited briefing schedule that covers the four briefs applicable to cross-appeal cases. *See* Appellate Rule 28.1(c). But the government "objects to . . . any briefing schedule incorporating [the] cross-appeals." Dkt. No. 8.1 at 4. In the government's view, the Court lacks appellate jurisdiction over "[t]he portion of the district court's order denying

3

defendants' motions to dismiss the indictments," so the expedited briefing schedule should not reflect the cross-appeals. *Id.* at 5.

This jurisdictional argument is wrong on the merits, and the government is raising it in the wrong place.

As the government appears to anticipate, the defense maintains the Court has pendent appellate jurisdiction over the cross-appeals. *See* Dkt. No. 8.1 at 6 n.2 (disputing pendent appellate jurisdiction in a conclusory footnote). The doctrine covers "the exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but may be reviewed on interlocutory appeal if raised in conjunction with other issues properly before the court and if the rulings were inextricably intertwined or if review of the pendent issue was necessary to ensure meaningful review of the independently reviewable issue." *United States v. Decinces*, 808 F.3d 785, 792 (9th Cir. 2015).

As the defense will explain in greater detail at the appropriate time, the doctrine applies to these cross appeals. The defense filed a single motion (one in each of the four underlying criminal cases) challenging Ms. Chattah's eligibility to serve as acting U.S. Attorney and requesting dismissal or disqualification. The district court entered

4

a single order granting the single motion in part (as to disqualification) and denying it in part (as to dismissal).  The government is appealing that order.  If any aspects of the single order would otherwise fail to qualify as a collateral order, the Court should nevertheless exercise pendent appellate jurisdiction over the full order.[1]

Regardless of the merits, the government is raising this issue at the wrong time.  The instant motion is a request to expedite the existing briefing schedule, which, as it stands, currently encompasses the cross-appeals.  The parties agree the first brief on appeal should be due October 31, 2025.  The defense therefore respectfully requests the Court enter an expedited briefing schedule prior to October 31.  The defense also respectfully requests the expedited briefing schedule resolve whether the cross-appeals will be included in the expedited briefing (as the defense requests) so the parties can appropriately tailor the substance of the briefs and comply with the relevant requirements and

---

[1] The government notes that in the Third Circuit litigation, the court of appeals concluded the district court's decision not to dismiss the indictments was not yet appealable.  Dkt. No. 8.1 at 6.  But the defense in the Third Circuit litigation refrained from filing notices of cross-appeal and agreed on appeal that the appellate proceedings should not cover the remedial issue.

5

word counts, which are different for regular appeals and cases involving cross-appeals.  *See* Circuit Rule 28.1.

The government's request to exclude the cross-appeals from the expedited briefing schedule depends entirely on a jurisdictional argument that it intends to raise in the future.  *See* Dkt. No. 8.1 at 7.  But the Court need not resolve that jurisdictional issue prior to entering an expedited briefing schedule.  Rather, the Court should enter an order now setting a deadline for the four briefs applicable in a case involving cross-appeals.  If the government wants to raise a jurisdictional issue in its response and reply brief, or if it separately wants to file a motion to dismiss, *see id.* (indicating the government intends to file such a motion), the government can raise the issue at the correct time and through the correct vehicle, at which point the appropriate panel can resolve the issue in due course.

By contrast, it would put the cart before the horse if the Court endeavored to settle the jurisdictional dispute in connection with the instant motion to expedite—especially when the defense respectfully suggests the Court set an expedited briefing schedule prior to October 31, which is the date the parties agree the government's first brief

6

should be due. The Court should therefore enter an order that adopts the defense's proposed briefing schedule and refrains from resolving the jurisdictional question, which the parties can brief later.

This reply does not exceed 10 pages. *See* Circuit Rule 27-1(1)(d).

## Conclusion

This Court should expedite this appeal and adopt the defense's proposed briefing schedule, which includes both the government's appeals and the defense's cross-appeals.

Dated October 20, 2025.

> Respectfully submitted,
>
> Rene L. Valladares
> Federal Public Defender
>
> */s/ Jeremy C. Baron*
> Jeremy C. Baron
> Assistant Federal Public Defender
>
> */s/ Sean A. McClelland*
> Sean A. McClelland
> Assistant Federal Public Defender