# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellant-Cross-Appellee, <br><br> v. <br><br> DEVONTE DEVON JACKSON, <br><br> GIANN ICOB SALAZAR DEL REAL, <br><br> JORGE ENRIQUEZ, JR., <br><br> SHAMAR TYRELL GARCIA, <br><br> Defendants-Appellees-Cross-Appellants. | C.A. Nos. 25-6214 & 25-6470, <br> 25-6223 & 25-6475, <br> 25-6224 & 25-6465, <br> 25-6229 & 25-6468 <br><br> D.C. Nos. 2:25-cr-240, 2:25-cr-227, <br> 3:25-cr-26, 2:25-cr-230 <br> (D. Nev.) <br><br> **GOVERNMENT'S MOTION TO DISMISS CROSS-APPEALS** |

The United States of America, by and through its counsel of record, hereby moves under Federal Rule of Appellate Procedure 27 to dismiss the interlocutory cross-appeals (Nos. 25-6465, 25-6468, 25-6470, 25-6475) by Defendants-Appellees-Cross-Appellants.

1

I. **BACKGROUND**

The four defendants in these consolidated cases are charged with felony offenses in the District of Nevada. *See, e.g.*, Dkt. 5.[1] Defendants moved to dismiss the indictments, or alternatively, to disqualify Acting U.S. Attorney Sigal Chattah and any attorneys under her supervision from their cases, on the ground that Ms. Chattah lacked authority to prosecute them. Dkt. 30. They argued that Ms. Chattah was improperly serving as the Acting U.S. Attorney under the Federal Vacancies Reform Act of 1998 (FVRA), 5 U.S.C. § 3345 *et seq.* Defendants also requested that the district court appoint an interim U.S. Attorney under 28 U.S.C. § 546(d). The cases were reassigned to Judge David G. Campbell of the District of Arizona, sitting by designation in the District of Nevada, for resolution of the motions. *See* Dkt. 31.

The government opposed the motions to dismiss. Dkt. 36. The government explained that Ms. Chattah began validly serving as Acting U.S. Attorney under the FVRA on July 28, 2025. *See, e.g.*, Dkt. 36 at 6-12. At minimum, the government argued, Ms. Chattah had authority to conduct and supervise defendants' prosecutions in her capacity as Special Attorney and First Assistant U.S. Attorney pursuant to the Attorney General's express delegation

---

[1] "Dkt." refers to docket entries in *United States v. Jackson*, 2:25-cr-240 (D. Nev.). The relevant motion briefing was identical across all four defendants' cases.

2

of authority to her. *See, e.g.*, Dkt. 36 at 13-16. And the government explained that, at all events, dismissal of the indictments was improper. *See, e.g.*, Dkt. 36 at 18-22. Finally, the government argued that the district court lacked authority to designate an interim U.S. Attorney because the conditions in § 546(d) were not satisfied. *See, e.g.*, Dkt. 36 at 22.

The district court granted defendants' request to disqualify Ms. Chattah from participating in their prosecutions and from supervising any Assistant U.S. Attorney prosecuting them. Dkt. 42 at 31-32.[2] The court determined that Ms. Chattah is ineligible to serve as Acting U.S. Attorney under § 3345(a)(1) of the FVRA, and rejected the government's alternative argument that Ms. Chattah can still conduct and supervise defendants' prosecutions in her capacity as Special Attorney and First Assistant U.S. Attorney pursuant to the Attorney General's delegation of authority to her. Dkt. 42 at 7-26.

However, the district court denied the motions to dismiss the indictment. Dkt. 42 at 26-30, 32. The court found that defendants had not shown that Ms. Chattah's lack of authority to serve as Acting U.S. Attorney warranted dismissal, reasoning that Assistant U.S. Attorneys could continue to prosecute defendants' cases because they "have the power to prosecute offenses against the United States, and their power derives not from the U.S. Attorney but from the

---

[2] The district court's order is attached as Exhibit 1.

3

Attorney General." Dkt. 42 at 27. The court further noted that defendants did not dispute they were charged by a properly constituted grand jury; that the indictments were signed by an Assistant U.S. Attorney (not Ms. Chattah); that, in any event, "the Ninth Circuit has made clear that an infirmity in a U.S. Attorney's appointment would not affect the validity of indictments, . . . as indictments need only be signed by an 'attorney for the government'"; and that the indictments were therefore valid. Dkt. 42 at 27-28 (internal quotation marks omitted) (quoting *United States v. Gantt*, 194 F.3d 987, 998 (9th Cir. 1999), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008)).

The court also rejected defendants' claim that the indictments violated due process, explaining that the indictments were signed by an authorized government attorney, that defendants were charged by a properly constituted grand jury, and that defendants failed to show that Ms. Chattah's appointment "affect[ed] the fairness of the proceedings." Dkt. 42 at 29. The court likewise declined to dismiss the indictments under its inherent supervisory authority, finding that unlike in *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020)—on which defendants relied—there was no government misconduct that "directly affected the fairness of the criminal prosecution," and additionally, that the "lesser remedy" of disqualification was available here. Dkt. 42 at 30. Lastly,

4

the court observed that the Nevada judges' authority to select an interim U.S. Attorney under § 546(d) is "permissive." Dkt. 42 at 31-32.

The government appealed the disqualification order, Dkt. 44, and moved for a stay pending appeal in the district court, Dkt. 45, which the district court granted, Dkt. 57. Defendants filed notices of cross-appeal from the district court's order, Dkt. 51, and are "pursuing a cross-appeal of the denial of dismissal," Def. Mot. to Expedite 3, *United States v. Jackson*, No. 25-6214 (Oct. 15, 2025). This Court expedited the briefing schedule: the first brief is due October 31, 2025; the second brief is due November 21, 2025, the third brief is due December 5, 2025; and the optional cross-appeal reply brief is due on December 19, 2025.

## II.   ARGUMENT

Defendants have indicated that they are pursuing a cross-appeal of the portion of the district court's order denying their motions to dismiss the indictments. This Court lacks jurisdiction over that interlocutory claim. The cross-appeals should accordingly be dismissed.

### A.   In general, criminal defendants must await a final judgment of conviction and sentence before appealing.

Section 1291 of Title 28 of the United States Code limits appellate jurisdiction to "final decisions of the district courts." "[F]inal decisions" generally means "final judgment[s]," and the statute accordingly "requires that

5

a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (internal quotation marks omitted); *see also United States v. Alvarez-Moreno*, 657 F.3d 896, 898-99 (9th Cir. 2011) ("Ordinarily, we do not have jurisdiction to consider such an [interlocutory] appeal, as our jurisdiction is limited to 'final decisions of the district courts,' 28 U.S.C. § 1291, and a final decision is 'a decision by the District Court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."'") (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). "In a criminal case," this "final judgment" rule "prohibits appellate review until conviction and imposition of sentence." *Flanagan*, 465 U.S. at 263. The doctrine is "interpreted . . . 'with the utmost strictness' in criminal cases," *Midland Asphalt*, 489 U.S. at 799 (quoting *Flanagan*, 465 U.S. at 265), because the "encouragement of delay is fatal to the vindication of the criminal law," *Cobbledick v. United States*, 309 U.S. 323, 325 (1940).

**B.   There is no exception to the final judgment rule that would permit defendants to pursue an interlocutory cross-appeal from the district court's denial of their motions to dismiss the indictments.**

    1.   <u>The denial of a motion to dismiss an indictment is not immediately appealable under the collateral order doctrine.</u>

The collateral order doctrine is a "narrow exception" to the final judgment rule that permits appeal of a small class of interlocutory orders under § 1291 before a final judgment on the merits. *United States v. Bird*, 359 F.3d 1185, 1188 (9th Cir. 2004). The collateral order doctrine permits review of a non-final order only when "it is too important to be denied review and too independent of the merits of the case to require deferral of review." *Parsons v. Ryan*, 912 F.3d 486, 502 (9th Cir. 2018) (internal quotation marks omitted). Moreover, "the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* (internal quotation marks omitted). In criminal cases, the collateral-order doctrine is applied "with the utmost strictness." *United States v. Samueli*, 582 F.3d 988, 991 (9th Cir. 2009) (internal quotation marks omitted). "Interlocutory appeals are typically unsuitable for criminal cases." *Id.* As a result, a non-final order in a criminal case "is appealable only where it affects a right not to be tried." *Id.* at 992 (internal quotation marks omitted).

7

Interlocutory orders denying motions to dismiss indictments are not immediately appealable as collateral orders. *See United States v. MacDonald*, 435 U.S. 850, 857, 863 (court of appeals had no jurisdiction over appeal from order denying motion to dismiss indictment on speedy trial grounds); *Abney v. United States*, 431 U.S. 651, 662-63 (1977) ("[Jurisdiction] do[es] not extend beyond the claim of former jeopardy and encompass other claims presented to … the district court in passing on the accused's motion to dismiss."). The rare exceptions for such motions based on the Double Jeopardy Clause, the Speech or Debate Clause, and Presidential immunity do not apply here. *See Abney*, 431 U.S. at 659-60; *Helstoski v. Meanor*, 442 U.S. 500, 507-08 (1979); *Trump v. United States*, 603 U.S. 593, 636 (2024). The Supreme Court and this Court have held that orders denying motions to dismiss on other grounds—including other constitutional grounds—are not immediately appealable collateral orders. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982) (per curiam) (court of appeals lacked jurisdiction over interlocutory appeal from an order refusing to dismiss the indictment on prosecutorial vindictiveness grounds); *United States v. Moreno-Green*, 881 F.2d 680, 684 (9th Cir. 1989) (per curiam) (order denying motion to dismiss indictment based on alleged prosecutorial

8

misconduct before grand jury was not appealable before trial); *United States v. Taylor*, 881 F.2d 840, 843-44 (9th Cir. 1989) (same).[3]

Indeed, in *United States v. Giraud*, where the government is appealing a similar disqualification order, the Third Circuit determined, after ordering briefing concerning appellate jurisdiction, that "[t]he District Court's decision not to dismiss the indictments is not appealable at this stage of the proceedings and any arguments pertaining to that decision therefore will not be considered." Order 2, *United States v. Giraud*, 3d Cir. No. 25-2635 (Sept. 9, 2025). That conclusion is correct and applies equally here.

To the extent defendants may argue that the district court's denial of the motions affects their right not to be tried because the indictment violates due process, they are wrong—and such a claim does not establish jurisdiction over their interlocutory appeals in any event. "Alleged errors rais[ing] issues of fundamental fairness that implicate substantial rights protected by the due process clause may not be reviewed" in an interlocutory appeal; instead, "[s]uch errors must be appealed after trial." *Moreno-Green*, 881 F.2d at 681 (internal quotation marks omitted); *see Hollywood Motor Car*, 458 U.S. at 266-70. In other

---

[3] *See also, e.g., Midland Asphalt*, 489 U.S. at 799-800 (denial of motion to dismiss based on alleged Rule 6(e) violations not immediately appealable); *MacDonald*, 435 U.S. at 863 (denial of motion to dismiss based on Sixth Amendment speedy trial issue not immediately appealable).

9

words, an order denying a motion to dismiss an indictment on due process grounds is not an appealable collateral order. *See United States v. McKinley*, 38 F.3d 428, 431 (9th Cir. 1994).

This Court has squarely and repeatedly rejected the contention that alleged defects in an indictment implicating a defendant's right to due process implicate the right not to be tried at all. *See United States v. Sherlock*, 887 F.2d 971, 972-73 (9th Cir. 1989); *Taylor*, 881 F.2d at 843-44; *United States v. Eccles*, 850 F.2d 1357, 1364 (9th Cir. 1988). That is because a "right to be completely free from trial" for purposes of the collateral-order doctrine "must be based upon an explicit statutory or constitutional guarantee that trial will not occur." *Taylor*, 881 F.2d at 843 (internal quotation marks omitted). And "[u]nlike the double jeopardy, speech or debate, and grand jury clauses, the language of the due process clause contains no 'explicit ... guarantee that trial will not occur.'" *Id.* at 843-44 (quoting *Midland Asphalt*, 489 U.S. at 801).

Rather, defendants can appeal the denial of their motions to dismiss their indictments following the entry of a final judgment of conviction. *See Taylor*, 881 F.2d at 842, 844. Indeed, this Court and others have reviewed challenges similar to defendants' following convictions and sentencing. *See, e.g.*, *United States v. Plesinski*, 912 F.2d 1033, 1038 (9th Cir. 1990) (addressing and rejecting, on appeal from final judgment, defendant's claim that Special Assistant U.S.

10

Attorney's unauthorized participation in his prosecution required dismissal of indictment); *United States v. Smith*, 962 F.3d 755, 762-63 (4th Cir. 2020) (same as to claim that Acting Attorney General's tenure was unconstitutional and therefore tainted defendant's prosecution); *see also United States v. Cao*, 526 F. App'x 798, 800 (9th Cir. 2013) (addressing, on appeal from final judgment, defendant's claim that disqualification of U.S. Attorney's Office was required).

> 2. The government's interlocutory appeal of the disqualification order does not establish appellate jurisdiction over defendants' cross-appeals.

Defendants incorrectly "maintain[] the Court has pendent appellate jurisdiction over the cross-appeals." Def. Reply to Mot. to Expedite 4, *United States v. Jackson*, No. 25-6214 (Oct. 20, 2025). Defendants cannot piggyback on the government's appeal—which validly invokes the collateral order doctrine[4]—to have this Court decide issues it otherwise would lack jurisdiction to reach.

The Supreme Court has recognized that, in narrow circumstances, it would be proper for "a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related rulings that are not themselves independently appealable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50-51 (1995); *see*

---

[4] An order disqualifying a U.S. Attorney from participating in a prosecution is an immediately appealable collateral order. *See United States v. Williams*, 68 F.4th 564, 570-71 (9th Cir. 2023) (holding that order disqualifying U.S. Attorney's Office satisfies requirements of collateral order doctrine); *accord United States v. Whittaker*, 268 F.3d 185, 191-93 (3d Cir. 2001) (citing cases).

11

*Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997) (approving doctrine). The doctrine of pendant appellate jurisdiction, where it applies, permits review only where an appealable decision is so "inextricably intertwined" with an otherwise non-appealable decision that "review of the latter decision is necessary to ensure meaningful review of the former." *Clinton*, 520 U.S. at 707 n.41 (quoting *Swint*, 514 U.S. at 51) (brackets omitted).

However, a court of appeals may not assume pendent jurisdiction over an appeal from an order denying a motion to dismiss a criminal indictment. In *Abney*, the Supreme Court permitted a defendant to "seek immediate appellate review of a district court's rejection of his double jeopardy claim" based on "special considerations" specific to the Double Jeopardy Clause. 431 U.S. at 663. But the Court further explained:

> Quite obviously, such considerations do not extend beyond the claim of former jeopardy and encompass other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss. Rather, such claims are appealable if, and only if, they too fall within [the] collateral-order exception to the final-judgment rule.

*Id.* The Supreme Court accordingly rejected the defendant's attempt to appeal, alongside his double jeopardy claim, the district court's ruling as to the sufficiency of the indictment. *Id.*; *see MacDonald*, 435 U.S. at 857 n.6 ("The argument that respondent's Sixth Amendment [speedy trial] claim was 'pendent' to his double jeopardy claim is vitiated by *Abney v. United States*.").

12

Accordingly, courts have concluded that "there is no pendent appellate jurisdiction in criminal cases." *United States v. Ferguson*, 246 F.3d 129, 138 (2d Cir. 2001); *see, e.g.*, *United States v. Schock*, 891 F.3d 334, 340 (7th Cir. 2018) (explaining that *Abney* "effectively foreclosed" the use of pendent appellate jurisdiction "in criminal prosecutions"); *United States v. Wittig*, 575 F.3d 1085, 1095 (10th Cir. 2009) (concluding that "we have no 'pendent' appellate jurisdiction" in an appeal based on the double jeopardy clause).

Even where, as here, the interlocutory appeal is brought by the government, there is "no reason to give the defendant a windfall opportunity to delay proceedings via cross-appeal." *United States v. Hsia*, 176 F.3d 517, 527 (D.C. Cir. 1999) (dismissing defendant's cross-appeal for lack of appellate jurisdiction). Where the government has properly appealed in a criminal case, the defendant may not use that appeal to have the court of appeals review an otherwise non-final order. *See United States v. Eberhart*, 388 F.3d 1043, 1051 (7th Cir. 2004) (entertaining government's appeal from order granting Rule 33 motion but dismissing defendant's cross-appeal which argued that district court should have granted his motion for a judgment of acquittal), *rev'd on other grounds*, 546 U.S. 12 (2005); *Ferguson*, 246 F.3d at 138 (same).

13

Moreover, even if pendent appellate jurisdiction applied in criminal cases,[5] defendants' claim would not satisfy that doctrine's stringent requirements for review. The exercise of pendent appellate jurisdiction over a claim that ordinarily may not be reviewed on interlocutory appeal is a "rare event" and only appropriate "if the rulings were inextricably intertwined or if review of the pendent issue was necessary to ensure meaningful review of the independently reviewable issue." *United States v. Decinces*, 808 F.3d 785, 792 (9th Cir. 2015) (internal quotation marks omitted). This Court has "emphasized that what issues qualify as inextricably intertwined should be interpreted 'very narrowly.'" *Id.* That the claims may rely on "common facts" is insufficient to justify the exercise of pendent appellate jurisdiction. *See id.* at 792-93; *California v. Campbell*, 138 F.3d 772, 778 (9th Cir. 1998).

Here, the legal theories are not "inextricably intertwined" such that the Court must decide the dismissal issue in order to review whether the district court properly disqualified Ms. Chattah from participating in defendants' cases. "[I]f the properly appealable order can be resolved without necessarily resolving the pendent order, then the latter is not inextricably intertwined with the

---

[5] This Court declined to decide that issue in *United States v. Decinces*, 808 F.3d 785 (9th Cir. 2015). *See id.* at 792 ("Because we held that [defendant's] claims do not meet the requirements for pendent appellate jurisdiction, we need not decide whether pendent jurisdiction applies in the criminal context.").

14

former." *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 975 (9th Cir. 2015) (internal quotation marks omitted). Rather, the appealable disqualification order here is antecedent to the separate question of whether dismissal of the indictment is the appropriate remedy for any invalidity in Ms. Chattah's service, and the answer to the former does not "necessarily resolve" the latter. *See Dominguez v. Better Mortgage Corp.*, 88 F.4th 782, 795 (9th Cir. 2023) (declining to find pendent appellate jurisdiction even though there was "substantial overlap, both factual and legal," between claims, where "the outcome of one does not necessarily control the outcome of the other").

Even if this Court were to affirm the district court's disqualification order, it could not reverse the denial of defendants' motions to dismiss the indictments without further determining that Ms. Chattah's supposed lack of authority warrants that retrospective relief. To resolve that question, this Court would have to reckon with, among other things, the district court's factual findings that the indictments here were signed by Assistant U.S. Attorneys and that Ms. Chattah was not involved in approving those indictments. Review of defendants' claim would additionally require this Court to address legal issues wholly distinct from those raised in the government's disqualification appeal, including questions pertaining to due process, the court's inherent supervisory authority, and this Court's jurisprudence on the validity of indictments,

15

including the reasoning in *Gantt* that improper appointment of a U.S. Attorney "would not affect the validity of indictments, . . . as indictments need only be signed by an 'attorney for the government.'" 194 F.3d at 998; *see* Dkt. 42 at 26-29. "Two issues are not 'inextricably intertwined' if [the Court] must apply different legal standards to each issue." *Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000).

This Court's resolution of whether Ms. Chattah may validly supervise defendants' prosecutions is not "inextricably intertwined" with defendants' separate claim that dismissal is warranted to remedy any such violation. That issue can and should be addressed (if necessary) following the entry of final judgment. Accordingly, the government's appeal provides no basis for this Court to exercise jurisdiction over defendants' interlocutory challenge to the portion of the district court's order declining to dismiss the indictments.

## III. CONCLUSION

This Court should dismiss defendants' cross-appeals for lack of jurisdiction.

DATED: October 27, 2025           Respectfully submitted,

                                                       PAMELA J. BONDI
Attorney General

TODD BLANCHE
Deputy Attorney General

STANLEY WOODWARD
Associate Attorney General

HENRY C. WHITAKER
Counselor to the Attorney General

SIGAL CHATTAH                    MATTHEW R. GALEOTTI
Acting U.S. Attorney           Acting Assistant Attorney General
Special Attorney

                                       /s/ *Tyler Anne Lee*

ADAM FLAKE                      TYLER ANNE LEE
Assistant U.S. Attorney          Attorney, Appellate Section
Chief, Appellate Division        Criminal Division
District of Nevada             U.S. Department of Justice
                                       950 Pennsylvania Avenue NW
                                       Washington, DC 20530
                                       (202) 514-5593
                                       tyler.lee@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This motion response complies with 9th Cir. Rule 27-1(1)(d) because it does not exceed 20 pages.

2. This motion response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

<u>/s/ *Tyler Anne Lee*</u>
TYLER ANNE LEE