**U.S. Department of Justice**

Criminal Division

*950 Pennsylvania Avenue N.W., Suite 1264*
*Washington, DC 20530-0001*
*Tel: (202) 514-5593*

February 17, 2026

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
James R. Browning Courthouse
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

Re: *United States v. Devonte Devon Jackson*, Case No. 25-6214
*United States v. Giann Icob Salazar Del Real*, Case No. 25-6223
*United States v. Jorge Enriquez, Jr.*, Case No. 25-6224
*United States v. Shamar Tyrell Garcia*, Case No. 25-6229
**Argued and Submitted February 12, 2026**

Dear Ms. Dwyer,

The government writes to further address the Court's questions (at 16:45–21:30) about "the delta" between the authority of a U.S. Attorney and that of a First Assistant. There is a fundamental difference between a U.S. Attorney (or Acting U.S. Attorney) and a FAUSA (or a Special Attorney assigned to the office), because the former is *automatically* vested with *all* the powers of the office, while the latter has only those powers that *have been* and *can be* delegated.

Many legal duties are entrusted to U.S. Attorneys, *e.g.* 18 U.S.C. § 3731, or as one of a group of high-ranking DOJ officials, e.g., 26 U.S.C. § 6103(i)(1)(B). But not all duties of a Department of Justice official are delegable. *E.g.*, Br. 26 (appointment power); 18 U.S.C. § 2516(1) (wiretaps); 18 U.S.C. § 245(a)(1) (civil-rights prosecutions); 18 U.S.C. § 3271 (human-trafficking prosecutions); 18a U.S.C. § 14 (CIPA); *cf.* Br. 25–26 (discussing § 3731 and *Weyhrauch*). An Acting Assistant Attorney General for Civil Rights,

for example, could approve civil rights prosecutions under 18 U.S.C. § 245(a)(1), *see* 28 C.F.R. § 0.50(a)(2)—but a Principal Deputy Assistant Attorney General otherwise delegated the functions of that office, in the manner of Bill Lann Lee, could not.

Here, by contrast, the defendants have identified no power wielded by Ms. Chattah that is not lawfully delegable to her in her capacity as FAUSA or that must exclusively be performed by a U.S. Attorney within the meaning of 5 U.S.C. § 3348. The validity of that delegation to Ms. Chattah cannot turn on the fortuity of whether a U.S. Attorney has any non-delegable duties that she cannot perform. Delegation to a FAUSA is no different than delegation to a PDAAG—under the FVRA, neither is a "de facto" acting head of office.

As First Assistant, Ms. Chattah has the same authority to conduct and supervise litigation as any other FAUSA or Criminal Division Chief, even if there is no U.S. Attorney. If Ms. Chattah cannot (or can no longer) serve as Acting U.S. Attorney, she does not become uniquely unable to supervise others or prosecute cases.

Respectfully submitted,

/s/ Tyler Anne Lee
TYLER ANNE LEE
*Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because the body of this letter contains 350 words.

This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Tyler Anne Lee
Tyler Anne Lee