**Rene L. Valladares**
Federal Public Defender
District of Nevada

**Lori C. Teicher**
First Assistant

**Jeremy C. Baron**
Assistant Federal Public Defender



411 E. Bonneville Ave.
Suite #250
Las Vegas, NV 89101
Tel: 702-388-6577

March 11, 2026

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, California 94103

      Re:   *United States v. Jackson et al.*, Nos. 25-6214 et al.
              Argued and submitted February 12, 2026

Dear Ms. Dwyer:

Under Appellate Rule 28(j) and Circuit Rule 28-6, the defense respectfully directs this Court to *United States v. Naviwala*, __ F. Supp. 3d __, 2026 WL 658885 (D.N.J. Mar. 9, 2026). After the Third Circuit issued *Giraud*, the administration "appointed and delegated authority to three individuals"—"the 'triumvirate'"—"to run the United States Attorney's Office for the District of New Jersey." *Id.* at *3. The district court disqualified the triumvirate.

The decision is relevant in multiple respects. First, the district court concluded 5 U.S.C. § 3347 prohibits an agency head from delegating "the full statutory duties of [a vacant] office," regardless of whether those "duties are divvied up and assigned away" among multiple people. 2026 WL 685885, at *20; *see* Oral Argument Tr. at 31:30-39:58 (discussing hypothetical diffuse delegations). Even if the delegation did not cover every relevant duty and reserved "one or two minor powers" for officials outside the triumvirate, the delegation was impermissible. 2026 WL 685885, at *21.

Second, the government maintained Section 3347 does not prohibit delegating only "'nonexclusive and delegable' duties." 2026 WL 658885, at *26. As the district court explained, impermissible exercises of delegable duties remain unlawful and "are voidable," although they "may be ratified" later. *Id.* at *27; *accord* Principal and Response Brief at 47-50.[1]

Third, the district court applied "a clear statement rule . . . to statutes passed pursuant to the Appointments Clause." 2026 WL 658885, at *14; *accord* Principal and Response Brief at 66-70.

Fourth, the district court indicated dismissal could be an appropriate remedy for defendants indicted under an unlawfully serving U.S. Attorney. The court discussed *United States v. Gantt*, 194 F.3d 987 (9th Cir. 1999), which suggests an indictment may be valid notwithstanding a U.S. Attorney's improper service because "indictments need only be signed by an 'attorney for the government'" under the Criminal Rules. *Id.* at 998. The district court observed that assertion is "dicta." *Naviwala*, 2026 WL 658885, at *50; *accord* Principal and Response Brief at 82. It expressed skepticism of that dicta and ordered supplemental briefing.

Sincerely,

*/s/ Jeremy C. Baron*

Jeremy C. Baron
Assistant Federal Public Defender

cc: Sean A. McClelland
Tyler Anne Lee

---

[1] Pin citations refer to the page numbers in the footer.