Case Nos. 25-6229 & 25-6468

United States Court of Appeals
for the Ninth Circuit

United States of America,

    Plaintiff/Appellant/Cross-Appellee,

v.

Shamar Tyrell Garcia,

    Defendant/Appellee/Cross-Appellant.

D.C. No. 2:25-cr-230-RFB
District of Nevada

**Reply in Support of Motion
to Dismiss Appeals in
Mr. Garcia's Case Only**

Rene L. Valladares
Federal Public Defender
Jeremy C. Baron
Sean A. McClelland
Assistant Federal Public Defenders
411 E. Bonneville Ave. Suite 250
Las Vegas, NV 89101
(702) 388-6577
jeremy_baron@fd.org
sean_mcclelland@fd.org

Counsel for Defendant/Appellee/Cross-Appellant

1

## Argument

Shamar Tyrell Garcia seeks to have this Court dismiss the government's appeal and his cross-appeal. The government opposes the request to dismiss its appeal. But it fails to provide a good reason why. Mr. Garcia wants this Court to put the parties back in the position they occupied before he filed the motion so he can seek a resolution of his criminal proceedings without raising issues involving Sigal Chattah's ineligibility to serve as acting U.S. Attorney. The government provides no valid counterargument to this proposed course of action.[1]

First, according to the government, it needs to pursue its appeal "in order to restore Ms. Chattah's authority to oversee Garcia's prosecution." Response (Dkt. No. 59.1) at 2. But Mr. Garcia proposes this Court vacate the disqualification order in his case and direct the

---

[1] The government does not oppose Mr. Garcia's motion to the extent it includes a request to dismiss his cross-appeal. But if the Court refrains from dismissing the government's appeal, it should likewise refrain from dismissing the cross-appeal. Both appeals must be dismissed for jurisdiction to return to the district court so Mr. Garcia can seek a resolution of his criminal proceedings without raising issues involving Sigal Chattah's ineligibility.

2

district court to order the withdrawal of his motion to disqualify or dismiss. That would "restore Ms. Chattah's authority" in his case. *Id.*

Second, the government speculates that the other three defendants in these consolidated appeals might "eventually make the same strategic decision [Mr. Garcia] has and seek to dismiss the government's appeals in their cases." Response at 3. It observes that the issues have been fully briefed, the Court has held oral argument, and the appeals have been submitted for decision; it therefore implies that granting the motion would waste judicial resources, because the other three defendants might also seek and obtain dismissal. *Id.* at 5-6. But the government is merely speculating that the other three defendants might "eventually make the same decision as [Mr. Garcia] has" and file similar motions. *Id.* at 3. Unless that happens, the government's concern is premature.

Third, the government observes Mr. Garcia cannot withdraw his disqualification motion in the district court because the district court lacks jurisdiction over the issue. Response at 3-4. That's precisely the point—Mr. Garcia is seeking to dismiss these appeals to return jurisdiction to the district court so he can seek a resolution without

raising issues involving Ms. Chattah's ineligibility. Mr. Garcia has thus proposed this Court vacate the district court's disqualification order and additionally direct the district court to order the disqualification motion withdrawn. The government provides no reason why those steps would be insufficient.

Fourth, even if this Court vacates the disqualification order, the government hypothesizes the district court might sua sponte reissue the same disqualification order on remand. Response at 4-5. That would violate "the rule of mandate," under which "lower courts are obliged to execute the terms of a mandate." *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). If an appellate court mandates that an order be vacated, a district court cannot sua sponte enter the same exact order on remand.

Fifth, "although the government fully credits Garcia's desire to resolve his criminal proceedings," it raises the specter of "strategic behavior" and "manipulat[ion]" by other defendants in the future. Response at 6. But if the government "fully credits" Mr. Garcia's explanation for the motion, *id.*, there's no credible reason to believe granting the motion would promote gamesmanship in other cases.

4

This is a straightforward motion. Mr. Garcia no longer wants to participate in these consolidated appeals and wants to seek a resolution of his criminal proceedings without raising issues related to Ms. Chattah's ineligibility. The government has identified no prejudice it would face from his proposal. The Court should grant it.

## Conclusion

This Court should dismiss the government's appeal, dismiss Mr. Garcia's cross-appeal, vacate the district court's disqualification order in Mr. Garcia's case only, and direct the district court to order that Mr. Garcia's motion to dismiss or disqualify be withdrawn in his case only.[2]

Dated August 6, 2026.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Jeremy C. Baron*
Jeremy C. Baron
Assistant Federal Public Defender

*/s/ Sean A. McClelland*
Sean A. McClelland
Assistant Federal Public Defender

---

[2] Certification:  This reply complies with Circuit Rule 27-1(1)(d).